**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ARTHUR LEE BERRY, #09006701,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **3:09-CV-0827-G** |
| ) | |
| **ZACHARY DAVIS, et al.,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a *pro se* civil rights action brought by a county inmate.

Parties:   At the time of filing this action Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas. His whereabout are presently unknown. Defendants are Zachary Davis, Craig Watkins, Greg Neugebauer, Bradley A. Forst, and Judge Ernest White. The court did not issue process in this case, pending preliminary screening.

Findings and Conclusions:   On May 8, 2009, the court issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that he needed to submit a certified statement of his inmate trust account from the Dallas County Jail, where he was confined. The order directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. On July 30, 2009, the court re-issued the deficiency order, which was returned to the

court on August 5, 2009, with the following notation:  "Return to sender, not in Dallas County Jail."

As of the date of this recommendation, Plaintiff has failed to contact the court or to notify it of his new address.  The court is not required to delay disposition in this case until such time as Plaintiff provides his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that the motion for leave to proceed *in forma pauperis* be DENIED AS MOOT.

A copy of this recommendation will be mailed to Plaintiff at his last known address.

Signed this 6th day of August, 2009.

WM. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.